## In the Matter of the Judicial Settlement of the Estate of DANIEL BROWN, Deceased.

Surrogate's Court, Franklin County, October 23, 1929.

*John W. Genaway* for Peoples Trust Company, as executor, etc., of Marion Seaver and for Frances Seaver.

*George J. Moore* for Albert H. Seaver.

*LeRoy M. Kellas* for Sarah Whitehouse and others.

LAWRENCE, S. The matter of the construction of the will of Daniel Brown was before this court upon the petition of the Peoples Trust Company, as executor of the last will and testament of Marion Seaver and of Frances Seaver, legatee, dated November 7, 1928. That proceeding sought the construction of the will of the above-named deceased person, which was admitted to probate

May 1, 1869. That proceeding resulted in a decision and decree in March, 1929, adjudicating the rights of the parties with reference to the income from the trust fund under the will. No adjudication was made regarding the corpus of the estate. Since that time the persons whose lives measured the duration of the trust have died and the estate now comes on for judicial settlement.

The Farmers National Bank of Malone was appointed administrator with the will annexed of the estate of Daniel Brown and petitioned for a construction of the will regarding the corpus of the estate. The administrator of the former administratrix with will annexed sought the judicial settlement of the acts of such former administratrix. To this account various objections were made, which have been adjusted.

By stipulation of the interested parties all the matters at issue have been disposed of, except the question of the construction of the will of Daniel Brown, so far as the corpus of said estate is concerned. That corpus amounts to about $28,500.

The will under consideration created a trust to continue during the life of the widow, who died many years ago, and the life of a daughter, Mary L. Brown (Whitehouse), who died recently and since the will was construed regarding the income.

For our purpose the names of five children of deceased may be given as those interested in the trust fund referred to. They are a daughter, Martha Brown Colton; a daughter, Ann Eliza Seaver; a son, Henry D. Brown; a son, William George Brown; and a daughter, Mary L. Brown Whitehouse. Martha Brown Colton died in October, 1891, leaving no issue. Henry D. Brown died in January 1913, without issue. William George Brown died August 26, 1912, without issue. Mary L. Brown Whitehouse died intestate, March 1, 1929, leaving four daughters, all of whom are now living. Ann Eliza Seaver died intestate, May 17, 1869, leaving two sons, namely, Albert H. Seaver, now living, and Frederick J. Seaver, who died testate May 2, 1922, leaving an only daughter, Marion E. Seaver, who took his property. Marion E. Seaver died January 19, 1928, without issue. She left a will of which the Peoples Trust Company is executor and in which Frances Seaver is a legatee.

The language of the will sought to be construed is as follows: " And upon the further trust upon the death of my said wife & my said daughter Mary L. Brown to make final distribution & settlement of the principal & income of my estate real & personal (my real estate having first been converted into money under the last preceding power) & to divide the same (after the

deduction of all legal charges & expenses) equally share and share alike among my said children Martha Colton, Ann Eliza Seaver, Henry D. Brown, William G. Brown & Mary L. Brown & their lawful issue, the child or children of each of my said sons & daughters, if the parent or parents shall die taking the share or portion which his her or their parent would be entitled to if living."

The above is a separate provision dealing with the corpus from the provision already considered dealing with the income. It would seem to be understood by the various attorneys that as Henry D. Brown, William George Brown and Martha Colton died without issue the right of their representatives to share in the trust fund was extinguished.

The issue of Ann Eliza Seaver and decedents have become extinct, except a son, Albert H. Seaver.

The contention of the executor of the will of Marion Seaver and of Frances Seaver is, that upon the death of Daniel Brown, Ann Eliza Seaver became vested with a one-fifth interest in the corpus of the trust fund, subject to be divested by her death without issue, and that in case of her death leaving issue, such interest vested absolutely in such issue and could be disposed of by will. The contention of the issue (children) of Mary L. Brown Whitehouse is, that they are together entitled to one-half of the corpus. The contention of Albert Seaver, as the only issue (child) of Ann Eliza Seaver, is, that he is entitled to one-half of the corpus. The contention of the executor and legatee of Marion Seaver (granddaughter who died without issue) is, that her estate is entitled to a one-fourth interest in the corpus.

It is claimed that the construction to be placed upon the will should turn upon the question of whether there was a remainder which vested absolutely upon the death of Ann Eliza Seaver in her then surviving issue and also upon the meaning to be given to the term " issue " as used in the will under discussion.

As Marion Seaver left no issue, it is apparent that her executor and legatee do not claim as issue but as the owner of an estate which had become absolutely vested in Frederick J. Seaver, together with his interest as survivor of the three children of Daniel Brown who died without issue.

The will provided a somewhat elaborate and lengthy trust scheme for the disposition of the income during the lives of the widow and of Marion L. Brown Whitehouse. The trust provision under consideration is independent of that scheme and stands alone, except as the determination of its meaning and the intent of the testator may possibly be gathered from the language of the scheme. It

would seem that nothing can be done with the corpus which would in any way conflict with the disposition of the income during the trust period.

In the consideration of the issue here, it must be kept in mind that the law favors the vesting of future estates; and that the making of a will shows an intention to avoid intestacy and many other rules to which my attention has been directed. The primary object to be sought however, is the intention of the testator and that intention must control without regard to general rules of construction, because it is only when the intention is vague or uncertain that rules of construction are resorted to. Otherwise general rules might thwart the intention.

The construction of the will here is not free from difficulty and it is possib e to find decided cases which would seem, if the language of the opinion alone is to be regarded, to be in point either way. With each review of the will under consideration I am impressed with the evidences of a purpose so strong as to dominate other inferences which might arise. It was apparently the intent of the testator to keep his property in such shape that the income from it might be used for the designated purposes of providing what was at that time substantial assistance to his wife and children and their families during the trust period.

If we accept the contention of the bank, as executor, that upon the death of the testator Ann Eliza Seaver takes a vested interest subject to be divested at her death without issue and that at her death with issue her interest would absolutely vest in her issue, we are confronted with the fact that such interest was a one-fifth interest and that upon her death a one-tenth interest would vest in each of her sons, Frederick J. Seaver and Albert H. Seaver, and the limit of the interest of Marion Seaver in such case would be a one-tenth interest. Such vesting would naturally carry with it the income from the same. This, however, would be in direct conflict with the scheme to keep the estate in such shape as to provide funds to be disposed of in accordance with the income scheme and I might add that, in my judgment, a vested estate, subject to be divested, is a contingent estate, under the circumstances here.

I have examined the will with care, to see what provision for disposition is made for the three one-fifth shares of the children Martha Colton, Henry Brown and George Brown who died without issue. Presumably they would fall into the residue. The will in the residual clause provides in effect that all property not otherwise disposed of shall be distributed in accordance with the trust

provided for in the will. In that case the property would still remain in the trust and would travel in a never ending circle, and if it should be claimed that such shares lapsed and were not disposed of under the will, then we have the testator leaving an estate three-fifths of which is intestate. Such construction should not prevail if it can be avoided. It is claimed, however, on that theory, that each of the three shares, when they were divested by the death of the recipient without issue, under the will, vested in the survivors. This would seem to adopt in part at least, the theory of survivorship, not to vest at the death of the testator, nor at any other single time, but upon the death at different times of the beneficiaries.

Under the will all corpus was to be distributed at the termination of the two lives. Until then, the whole estate was a trust in the executors and nothing was to be distributed so far as the corpus is concerned until that time.

The language of the clauses of the will regarding the corpus does not contain any words of gift, but instead contains a direction to the trustees to convert, to divide and to distribute to the children of the testator and their lawful issue.

I am not unmindful of the contention that the trustees take only such title as would enable them to discharge their duties under the trust. Those expressed duties carry with them suggestions of the intent of the testator. In my judgment it becomes a question of when the testator intended the trust to vest. Did he intend it to vest at his death or did he intend it to vest at the death of the survivor of the wife and daughter named; or did he intend it to vest on several different and uncertain times in the interim, in case of death without issue. Reading the will again in the light of these questions and with the conviction that the testator was primarily interested in bestowing his bounty on his children and their issue, I am convinced that upon the failure of issue, all interest should cease, and that he intended to delay the time of final determination as long as possible. This is evidenced by his selection of his youngest child with the mother as a measure of the duration of the trust, and that upon the happening of that event final determination should be made.

If we should adopt the theory of vesting claimed, then if all but one child had had issue and died and the issue had become extinct and such issue had disposed of their interest by will, it might pass the estate to strangers which would largely defeat the apparent purpose of the testator. While if we adopt the theory that determination was contemplated in the distant future and

adjudge that the right to distribute the estate should depend upon the survivorship or living issue at that time, passing the corpus to such persons as come within the permitted category, we do no violence to canons of construction and at the same time secure what seems to be the object sought by the testator.

Many cases seem to have been decided for the benefit of those the testator had in mind. Regardless of canons of construction it is obvious to me that after the enjoyment of the income by the children of Daniel Brown and their families during the trust period, the testator intended to bestow his bounty upon such issue as survived that period after the enjoyment by the parents had been completed. I, therefore, find that the four daughters of Mary L. Brown Whitehouse are together entitled to one-half of the corpus of the trust fund and that Albert H. Seaver is entitled to the other one-half of the corpus of the trust fund.

Decree may be settled upon the appearance of attorneys or upon notice.